## HILL *v.* BOWDEN et al.

Acceptance of service of a petition of appeal by an attorney at law will be presumed to have been authorized by his client, unless the latter, by his own affidavit or otherwise, shows that the attorney transcended his authority.

Where an appellee, by his attorney, writes at the foot of a petition for an appeal and of the order granting it, the words, "Service accepted," it will include a waiver of citation.

One whose possession commenced and was continued in bad faith, is answerable for rents accrued previously to the commencement of suit.

APPEAL from the District Court of Madison, *Selby*, J. *Thomas* and *Snyder*, for the appellant. *Amonett*, for the defendants, *Copley*, intervenor, *pro se*. *Bemiss*, for the intervenor, *Morancy*. The judgment of the court was pronounced by

KING, J. The appellee *Copley* has moved to dismiss the appeal, on the ground that the service of the petition of appeal was accepted without his authority by his attorney, and that, if the acceptance be deemed to have been authorized, it can have no greater effect than if the petition had been actually served, which service it is contended would be insufficient.

We have repeatedly held, that the acts of attornies will be presumed to have been authorized by their clients, unless the latter, by their own affidavit or otherwise, show that the attorney transcended his authority. *Conrey* v. *Brenham*, 1 An. Rep. 397. *Ingram* v. *Richardson*, 2 An. 839. No such showing has been made by the appellee. At the foot of the petition praying for an appeal, and of the order granting it, is the following acceptance in writing: "Service accepted for the defendants *James Bowden*, and wife, *Judith Bowden*, and the intervenor *George W. Copley*, June 14, 1847. (Signed) *J. J. Amonett*, Atty." This is a distinct acceptance of service of the petition and order of appeal, and fairly includes a waiver of citation. The motion to dismiss is, therefore, overruled.

The plaintiff, *Cynthia Hill*, instituted this action to recover a tract of land in the possession of the defendants. The latter disclaimed title, and alleged that they held as lessees of *Copley*. *Copley* intervened in the suit, asserted that he was the owner, prayed to be quieted in his title, and, in the event of eviction, to recover the value of the improvements. *Morancy* also intervened, and claimed the land. He prayed to be decreed to be the owner; but, if the plaintiff should prove to have the better title, he then asked for the value of the im-

provements placed on the land by those under whom he claimed. The jury gave a verdict in favor of the plaintiff for the land, and in favor of *Copley*, against the plaintiff, for $400, the value of the improvements, and rejected the claim of *Morancy*. The plaintiff has appealed. *Mrs. Hill* exhibited a patent in her favor for the land in controversy. The superiority of her title is not contested in this court. The only questions at present at issue between the parties relate to the value of the improvements made upon the land while in the possession of *Sims*, under whom the intervenors claim, the rents which are to be deducted, and the party to whom the residue, if any, should be awarded.

We think that, under the evidence, the rents to which the plaintiff is entitled fully equal the enhanced value given to the land by the improvements made upon it, and that the claim for the latter has extinguished the former. This conclusion renders it unnecessary to determine between the conflicting claims of the intervenors.

The evidence, in our opinion, shows that the possession of *Sims*, under whom the intervenors claim, commenced and was continued in bad faith. Such being the character of his possession, he was answerable for the rents which had accrued previous to the inception of the suit. He obtained possession of the land by making a verbal promise to give a slave as the price to the plaintiff, who had acquired a pre-emption right under the act of 1838. He availed himself of the possession thus acquired to enter the land in his own name, and refused to fulfil his engagement to deliver the slave. The plaintiff caused this entry to be cancelled and a patent issued in her favor, in 1844; notwithstanding which, those deriving tittle from *Sims* have persisted in holding possession, until evicted by the judgment in this suit. The intervenors can assert no greater rights than *Sims* possessed. Their claim for improvements made by him must be taken subject to the offset of rents, which the plaintiff could have opposed to him.

It appears that *Sims* went upon the land in 1840, at which time the timber was deadened upon about twenty acres of the tract. In 1842, he had cleared and put under cultivation from fifty to one hundred acres, and had erected upon it a house worth $150. What quantity was cultivated during the two previous years, does not appear. The judgment in this suit was rendered in October, 1846. Thus *Sims*, and those holding under him, remained in possession seven years, during five of which, at least, they had from fifty to one hundred acres of the land in cultivation. The lowest estimate of the rents is $2 an acre per annum, the highest $5. The enhanced value of the land by the clearing is shown to be $9 an acre. The difference between the rents and the enhanced value of the soil, leaves a balance in favor of the former sufficient to compensate for the house. The jury appear to have considered the value of the improvements only, and to have made no allowance for the rents. Upon no other hypothesis can their verdict be accounted for, under the evidence submitted to them. This conclusion is fairly inferrable from the terms in which their verdict is expressed. It is as follows: "We, the jury, find a verdict for plaintiff for the land in controversy, allowing *George W. Copley* $400 for the improvements on the land, and find against the intervenor *Morancy*." Into this error they probably fell in consequence of the refusal of the judge to charge that, the plaintiff was entitled to recover rents, if they found that *Sims* was a possessor in bad faith. The verdict is clearly erroneous, and the facts do not, in our opinon, require that the cause should be remanded.

It is therefore ordered that, so much of the judgment of the District Court as

HILL
v.
BOWDEN.

decrees to the plaintiff, *Cynthia L. Hill*, the land in controversy, and rejects the claim of the intervenor *Morancy*, be affirmed with costs. It is further ordered that so much of said judgment as decrees to the intervenor *Geo. W. Copley* $400, for improvements, be reversed, and that there be final judgment against said *Copley*; the appellee paying the costs of this appeal.