(35 South. 823.)

No. 14,825.

SIGUR v. BURGUIERES et al.*

(Dec. 14, 1903.)

PETITORY ACTION—TRESPASSERS—IMPROVEMENTS.

1. One who occupies no better position than that of trespasser may yet claim reimbursement of the cost of clearing land, whereby such land is brought into cultivation, and when to cultivate it is its chief value.

2. He may also claim for such ameliorations as have added to the permanent value of the land.

(Syllabus by the Court.)

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Albert Campbell Allen, Judge.

Action by Theodore Sigur, curator, against Dennis Burguieres and others. Judgment for plaintiff. Defendants appeal. Affirmed.

Mentz & Borah, for appellants. Donelson Caffery & Son and J. Sully Martel, for appellee.

The opinion and judgment of the court in the following case, prepared by BLANCHARD, J., prior to his retirement from the bench, having been adopted by the court in consultation, is now handed down for the court by MONROE, J.:

Jules M. Burguieres, the deceased father of defendants, acquired by purchase the Florence Plantation. In the rear of this plantation, and adjoining it, was a tract of 81 acres of land, described as the east half of the northeast quarter of section 26, township 14 south, range 7 east.

It is not pretended that this tract formed any part of the lands constituting the Florence Plantation, or that it was included in the description of the Florence Plantation, or that the vendor of Burguieres claimed any title to it, or claimed any right of possession of it, or pretended to transfer any possession to it.

Burguieres, notwithstanding, took possession of the tract, caused the same to be cleared and ditched, added it to the Florence Plantation, and cultivated it.

This was nothing more nor less than an act of trespass.

A trespasser cannot claim the rights of a possessor in good faith. Civ. Code, arts. 3451, 3452.

A possessor without just title owes fruits and revenues from the commencement of his possession. Lowry v. Erwin, 6 Rob. 192, 39 Am. Dec. 556; Williams v. Booker, 12 Rob. 256; Hill v. Bowden, 3 La. Ann. 258.

The land in question belonged to Anatol Perret, now an interdict, who brings this suit, through his curator, to recover the same.

The action is petitory in character, and incidental to it is a demand for rents and revenues, and for the value of wood cut from the land.

Defendants set up no title in themselves or in their deceased father.

They content themselves with denying plaintiff's ownership, and ask, in reconvention, the value of improvements, cost of clearing the land, etc.

There was judgment decreeing plaintiff the ownership and possession of the land, and awarding him a judgment for $83 for balance due for wood taken from the land, after crediting defendants with the cost of its clearing.

There was also judgment awarding plaintiff rent for the land at $5 per acre per annum.

Defendants appeal, and in this court plaintiff files answer, asking an increase to $10 per acre as yearly rental for the land.

As to the title to the land, the case of the plaintiff is made out.

The land formed part of the public domain of the state. In 1878 the plaintiff, Anatol Perret, acquired it by patent from the state, and has owned it ever since.

The evidence establishes that the 81 acres in question is the same land Perret obtained from the state.

*Rehearing denied February 1, 1904.

The father of defendants cleared the land for cultivation. The district judge thought defendants should recover the cost of the clearing, and we think so too. The price of the clearing was fixed at $25 per acre. This charge the evidence sustains.

The district judge thought the evidence sustained conclusions that 1,500 cords of wood were cut from the land and used by defendants, and that the same were worth on the ground 50 cents per cord.

We agree with these conclusions, and with the further conclusion that defendants, in settlement, must account for the value of the wood.

The district judge rejected defendants' claim for ditching and draining the land. Under the circumstances here disclosed, we think this ruling proper. The draining that was done was for the benefit of the Florence Plantation, and, wherein the same benefited so much of the land in question as defendants cultivated, it was incidental, merely, and is to be viewed as serving the purpose of the yearly crops raised thereon, the benefit of which defendants derived.

The ditches dug on the land were not permanent. They naturally filled up, and must be redug periodically. No drainage works were erected on the land in question, and no part of defendants' claim for reimbursement includes the cost of any drainage works.

The district judge allowed $5 per year as rental for a certain number of acres which defendant had in cultivation.

While this is deemed rather a low estimate of the rental value of land such as this is shown to be, we have concluded not to disturb same.

Judgment affirmed.