LAND, J.
This is a petitory action to recover a certain square of grotmd in the city of New Orleans, with rents at the rate of $200 per annum from April 1, 1903, coupled with a demand for $500 as damages for an alleged conspiracy between the defendants to deprive plaintiff of its property. According to the allegations of the petition, plaintiff acquired its title in the year 1906 from the heirs of Laurent Millaudon, and the defendants have been in possession of the premises since April 1, 1903. The prayer is for judgment recognizing the plaintiff as owner of the property and ordering the defendants to deliver possession of the same, and condemning them to pay $500 damages for the illegal registry of the contract between them, and to pay rents as claimed until the final surrender of possession to the plaintiff.
Defendants pleaded the general issue, alleged possession in good faith, and reconvened for taxes and the value of useful improvements.
There was judgment in favor of the plaintiff, decreeing it to be the owner of an undivided 4SBO/5 7oo interest in the square sued for, and decreeing that plaintiff as owner was entitled to the possession of said property, including the improvements, and also recover $316.66 rents, and further recover $16.66 per month from date of the judgment until final delivery, and for costs against defendant Charles A. Salzer, with right to eject said defendant on tendering and paying to him the difference between said rents, accrued and to accrue, with costs of suit, and the sum of $411.20, adjudged to said defendant for useful improvements on the premises. Plaintiff’s demands otherwise against Bradbury, and the latter’s demands against the plaintiff, were dismissed. Plaintiff has appealed.
The square in question was acquired by Laurent Millaudon in the year 1842. From 1870 to 1902, inclusive, the property was assessed to “unknown owner,” but no taxes were paid thereon.
In 1903 the defendant Bradbury was in possession of the square of ground, and sold his rights of possession, with the improvements made by him on the premises, to the defendant Salzer, who owned a part of an adjoining square.
Salzer took possession of the premises, and erected buildings and made other improvements thereon. The only information that Salzer could get about the title was that the *23 property was assessed as belonging to an unknown owner. The property was assessed to Salzer for four shears, and he paid taxes thereon.
In the year 1906 the plaintiff purchased the title to this and other property from the heirs of Millaudon, and in October of that year notified the defendants to vacate the premises.
The only real questions in controversy are as to rents, improvements, and taxes. As to rents, the sole evidence is the testimony of plaintiff’s vice president that about $20 per month is a fair rental value of the property. As to the buildings and other improvements, we have the testimony of the defendant Salzer that “about” certain amounts represent the cost .of material and workmanship, and that certain work was worth “about” a certain sum.
The judge found no evidence to sustain the alleged conspiracy antedating the title of the plaintiff more than three years. We concur in this view. Plaintiff purchased in the face of an actual adverse possession, and has been compelled to vindicate its title by a petitory action. Damages for attorney’s fees are not recoverable in such a ease under an allegation of conspiracy.
We agree with plaintiff’s contention that the defendants were possessors in bad faith, because they knew that they had no title to the land. The square was claimed by no one, and for more than 20 years had been assessed as the property of an unknown owner. Nevertheless, the possession of the defendants, being without color of title, was unlawful ab initio. The defendants were squatters on the premises, and never possessed as owners.
Plaintiff contends that it has the right to compel the defendant to take away or demolish his improvements under the terms of article 508 of the Civil Code, which reads in part as follows:
“When plantations, constructions and works have been made by a third person,, and with such person’s materials, the owner of the soil has the right to keep them or to compel this person to take away or demolish the same.
“If the owner requires the demolition of such works, they shall be demolished at the expense of the person who erected them, without any compensation. * * *
“If the owner keeps the works, he owes to the owner of the materials nothing but the reimbursement of their value and of the price of the workmanship, without any regard to the greater or less value which the soil may have acquired thereby.”
Compensation for improvements cannot be claimed by a possessor in bad faith until the owner elects to retain them, and the possessor owes no rents for his improvements until they are paid for. Citizens’ Bank v. Maureau, 37 La. Ann. 861; Kibbe v. Campbell, 34 La. Ann. 1163.
In Woods v. Nicholls, 33 La. Ann. 744, it was held that the possessor in bad faith is entitled: (1) To reimbursement of expenses and repairs necessary for the preservation of the property under the express terms of Civ. Code, art. 2314; (2) to the value of material and workmanship of constructions and works which the owner has elected to keep; but (3) is not entitled to compensation for improvements in their nature inseparable from the soil, such as ditches, wells, etc. The court also held that, as the plaintiffs claimed only an undivided half interest in the lands, they were not authorized to require the removal or demolition of the improvements against the will of their co-owners, and must, therefore, pay for the useful improvements. The judgment on the rehearing seems to have left open the question of improvements inseparable from the soil. Id. 752, 753.
In Scott v. Scott, 42 La. Ann. 766, 7 South. 716, the plaintiffs also sued to recover an undivided half interest in certain real estate, and the dictum in Woods v. Nicholls was followed.
*25 In Sigur v. Burguieres, 111 La. 711, 35 South. 823, the court allowed a trespasser the cost of clearing land.
In Voiers v. Atkins Bros., 113 La. 303, 36 South. 974, the whole subject was elaborately discussed, and the court held: (1) That in no case can the possessor in bad faith recover for improvements in their nature inseparable from the soil, such as clearing, ditching, etc; (2) that the possessor in bad faith may recover for repairs and other expenses necessary for the preservation of the property; and (3) that the possessor in bad faith may recover the value of buildings and other, improvements separable from the soil which the owner may elect to keep. The court on rehearing recognized the doctrine that the possessor in bad faith may offset the claim for fruits and revenues by a claim for enhanced value resulting from land clearing and other improvements inseparable from the soil, citing McDade v. Levee Board, 109 La. 625, 33 South. 628, and Wilson v. Benjamin, 26 La. Ann. 588. The right of the owner to elect prevents the application of this rule to improvements, such as buildings and fences, which may be removed. Both in the Toiers and McDade Oases the cause was remanded for the purpose of allowing the owner to elect whether he could take the buildings, etc., or order their removal.
If the buildings and other improvements add to the rental value of the property, it is clear that this fact must be considered in fixing the rents, if the owner does not elect to keep them.
In the McDade Case, supra, it was held that the owner could not recover rents anterior to his acquisition of the title. This is well settled, as such rents belong to the prior owner, and do not pass to the vendee unless specially assigned.
In the case at bar, the evidence is meager, and we cannot tell whether the solitary witness for the plaintiff is testifying to the rental value of the square with or without the improvements thereon. We may also add that the value of the improvements might be shown with greater certainty.
It is therefore ordered that the judgment, in so far as it decrees the ownership of the plaintiff, be affirmed, and that in all other respects said judgment be reversed, and that this cause be remanded for further proceedings in conformity with the views expressed in the foregoing opinion and according to law; the defendants to pay the costs of appeal.