(58 South. 587.)

No. 18,888.

ERWIN et al. v. TOWN OF FRANK-LINTON.

(May 6, 1912.)

*(Syllabus by Editorial Staff.)*

1. TAXATION (§ 500*)—ILLEGALITY—ENJOINING COLLECTION—PARTIES.

An action to vacate a town assessment and enjoin its collection is properly brought against the town without joining the tax collector who is a mere agent, whether the tax collector is attempting to collect a tax never levied, or whether the tax was levied illegally.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 925–930; Dec. Dig. § 500.*]

2. TAXATION (§ 500*) — ILLEGALITY — VACATION.

Where a tax was voted by a town but never actually levied, the assessment thereof may be set aside on suit of the taxpayer, although voluntarily paid by him in previous years.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 925–930; Dec. Dig. § 500.*]

3. TAXATION (§ 500*) — ILLEGALITY — VACATION.

Where a tax was voted in favor of a railroad company but never actually levied, the railroad company is not a necessary party to an action to vacate the assessment.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 925–930; Dec. Dig. § 500.*]

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Thomas M. Burns, Judge.

Action by Thomas B. Erwin and others against the Town of Franklinton to vacate an assessment and enjoin its enforcement. From a judgment for defendant, plaintiffs appeal. Judgment set aside, and injunction perpetuated.

Ott, Johnson & Ott, for appellants. Miller & McDougall and Prentiss B. Carter, for appellee.

PROVOSTY, J. The plaintiffs allege that they are property owners in the town of Franklinton; that over and above the legal and regularly levied tax of 7¾ mills the town officers have, without right or authority, placed on the assessment roll of said town an assessment of three mills on the dollar; and that said additional tax is in excess of the authorized limit of taxation, and has never been in fact levied; that, under said unauthorized assessment, the marshal of the town, acting under orders of the mayor and aldermen of said town, has advertised the property of the petitioners for sale and will sell same unless restrained by injunction. Wherefore they pray that an injunction issue restraining said town from attempting, through any of its officers, to collect said illegal assessment; and that said town, through its mayor, be duly cited; and that said assessment be decreed void and said injunction perpetuated.

[1] An exception of no cause of action was filed to this petition, and is said to be based upon the following propositions:

"If the petition charges that the tax collector is attempting to collect a tax which was never levied by the town authorities, then it charges nothing against the town of Franklinton, and the suit would lie only against the tax collector.

"If the petition charges that the tax was levied by the town authorities, but that it was illegally levied, it should have been brought against the tax collector as well as the town, and should have charged why and in what respect the tax was illegal."

In reply to this, we will say that the town marshal is but the agent of the town, and that, while the suit might have been directed against him alone, there certainly can be no objection to the principal being impleaded instead of the mere agent.

[2, 3] On the merits, the facts are that the tax in question was voted in favor of the New Orleans Great Northern Railroad Company, and that the plaintiffs voted for it, and that they have paid it for three years; but that, having discovered that, although voted for, the tax was never actually levied, they have brought this suit to have the assessment of the present year set aside.

Upon these facts, the defendant contends that the railroad company should have been made a party to the suit, and that the plaintiffs are estopped from contesting the tax. We do not think so. The actual levy of a tax is an essential prerequisite to its being placed upon the assessment roll for collection. This is elementary. Because the plaintiffs paid this unlevied tax in the past is no reason why they should be compelled to continue to pay it. No tax having ever been levied in favor of the New Orleans Great Northern Railroad Company, there was no necessity of making that company a party to the suit.

It is ordered, adjudged, and decreed that the judgment appealed from be set aside, and that the injunction herein be perpetuated at the cost of the defendant.