No.——

First Circuit

GIBSON v. HENSLEY, ET ALS.

(May 8, 1928. Opinion and Decree.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Appeal—Par. 625, 626.**
The findings of the trial court as to the credibility of witnesses and matters of fact where clearly correct are affirmed.

2. **Louisiana Digest—Possession—Par. 20.**
The possessor of property, even though in bad faith, is entitled to recover expenses of repair of roof and fence necessary to preserve the property.

Appeal from the Parish of Calcasieu. Hon. Thomas F. Porter, Judge.

Action by Ellen Gibson against Thomas Hensley, et als.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Griffin T. Hawkins, of Lake Charles, attorney for plaintiff, appellee.

Robert R. Stone, of Lake Charles, attorney for defendant, appellant.

ELLIOTT, J. Ellen Gibson and Thomas Hensley each claim to be the sole heir of Annie Bennett.

Thomas Hensley claims that he was her brother, and as such her nearest relative,

sole heir at law, and owner of her estate by inheritance from her.

Ellen Gibson claims that she was her second cousin, and as such, her nearest relative, sole heir at law, and owner of her estate by inheritance from her.

Annie Bennett died intestate, leaving no ascendants nor descendants.

Thomas Hensley and Ellen Gibson each obtained orders in ex parte proceedings recognizing them as the sole heir of Annie Bennett and authorizing them to take possession of her estate which consists of. a lot of ground in Lake Charles. As soon as Thomas Hensley obtained the order authorizing him to take possession he sold the property to Mary Cummings.

. Ellen Gibson brought this suit against Thomas Hensley and Mary Cummings, praying to have her heirship recognized and the title from Thomas Hensley to Mary Cummings decreed to be null and void on the ground that Thomas Hensley was not the brother of Annie Bennett, was not related to her, and was not her heir. Thomas Hensley failed to appear, but Mary Cummings did, and set up in defense of her title the heirship of Thomas Hensley, and denied that alleged by Ellen Gibson and called Thomas Hensley in warranty.

From a judgment in favor of Ellen Gibson, Mary Cummings appealed.

The people are illiterate colored people, without any family records, but the parties Thomas Hensley, Annie Bennett, Ellen Gibson and the father and mother of Thomas Hensley lived near Patterson in the Parish of St. Mary for many years, and none so old but that there should be people living there who ought to know definitely whether Thomas Hensley and Annie Bennett were in their childhood regarded as brother and sister and born of the same father and mother, but the testimony on the subject of their relationship is not satisfactory nor convincing. Thomas Hensley did not appear in court. It is said that he was confined to his bed with sickness, but his testimony was taken by commission. He testifies to his relationship as alleged in the answer of Mary Cummings, and says that Ellen Gibson was not related to Annie Bennett. Ellen Gibson on her part produced witnesses who testified that she was the second cousin of Annie Bennett and that Thomas Hensley was not related to her. A witness called by Ellen Gibson testified with more certainty than any other on the subject. He was asked:

"Q. Did you ever hear them claim that they were kin?
"A. I knew Scott's mother, Sue Hensley, she was not her mother."

The witness claimed that forty years ago Thomas Hensley was called Scott Hensley, and when he says "she was not her mother," he meant that Scott's mother was not the mother of Annie Bennett.

The same witness supported the claim of Ellen Gibson in the matter of relationship.

The defendant produced a couple of letters. They were not written by Annie Bennett, for she could neither read nor write, but it is claimed that they were written at her instance and that she acknowledged in the letters that Thomas Hensley was her brother. We have considered the letters and defendant's claims under them, and to our mind they do not satisfactorily support defendant's claim.

A marriage license and certificate of marriage was produced, and defendant claims that it shows the marriage of Annie Bennett and Jerry Bennett; that Annie

Bennett therein named was the sister of Thomas Hensley.

The license and certificate show a marriage between Jerry Bennett and Mrs. Annie Thomas, and the marriage is signed by Mrs. Annie Thomas, by making her mark. To our mind it shows nothing favorable to defendant.

The District Judge for written reasons given, believed the testimony adduced in support of the claim of Ellen Gibson, and did not believe that adduced in support of the claim of Thomas Hensley.

We are unable to say that he erred, and think he was right.

Mary Cummings testified without evidence to the contrary that she expended $25.00 in repairing the roof of the house and $15.00 in repairing the fence, and it appears that these expenditures were necessary for the preservation of the property. She prays for relief in this respect, and even though she was in bad faith she is entitled to recover sums expended in preserving the property. Quaker Realty Co. vs. Bradbury et al., 123 La. 20, 48 So. 570; C. C. Arts. 2314, 3453.

The judgment appealed from recognizing Ellen Gibson as the sole heir of Annie Bennett, and as such the owner of her estate, and holding that Thomas Hensley was not her heir and that the title from Mary Cummings is for that reason null and void, is affirmed, but it is ordered that before Ellen Gibson takes possession that she pay to Mary Cummings forty dollars.

As thus amended the judgment appealed from is affirmed. Mary Cummings to pay the costs of the lower court, Ellen Gibson the cost of this appeal.