SARTAIN, Judge.
Plaintiff appeals from an adverse judgment in the district court denying his claim for value of improvements placed upon defendant’s land.
Defendant is the owner of a tract of land consisting of 1693.32 acres of land located *358 in St. Tammany Parish in what is generally known as Honey Island Swamp. The United States Government through the National Aeronautics and Space Administrar tion acquired perpetual easements of all of this property for the purpose of establishing what is commonly referred to as the “Mississippi Test Site”.
In 1960 plaintiff desired to build a small frame structure on this property, which would enable him to live there and to sell fish bait. To this end, he was introduced to defendant by a Mr. Clinton Keller, who also occupied a part of defendant’s property in the immediate vicinity of the building constructed by plaintiff. Defendant granted permission to plaintiff to construct the building. The understanding at the time of this initial conversation between plaintiff and defendant is not in serious dispute. Defendant contends that he granted plaintiff permission to construct the building with the proviso that plaintiff would remove the building from the land on request of defendant. Plaintiff contends that he requested of defendant the right to remove his improvements if he (plaintiff) desired or was ever forced to move. No compensation was to be paid by plaintiff for the use of the land.
During the early part of 1964 there appeared in the newspapers certain accounts relative to the establishment of the Mississippi Test Site. A Mr. Doty, a realty specialist with the Corps of Engineers, contacted defendant relative to the acquisition of an easement over defendant’s land. Defendant referred Mr. Doty to his attorney, Mr. Bascom Talley. Negotiations continued between Mr. Doty, representing the government and Mr. Talley representing defendant. Pursuant to these negotiations and on May 20, 1964 defendant executed in favor of the government an agreement to grant a right of permanent easement over the subject property for the agreed consideration of $16,100.00. This agreement contained the provision that persons similarly situated as plaintiff, who had constructed dwellings on defendant’s land, would be permitted to remove their improvements.
Defendant contends and argues that prior to the execution of this agreement and also thereafter, he told the plaintiff that it would be necessary for the latter to remove his improvements from the property because he was being requested to grant the easement to the government.
On September 2, 1964 the defendant executed by notarial act a Warranty Deed of Easement wherein he granted to the United States of America, a perpetual and assignable easement — consisting of the right to prohibit human habitation — together with all right, title, and interest in and to the dwellings and other buildings now situated on the land * * However, there was contained the provision that the Blocker Building could be removed on or before September 30, 1964. After this date the deed recited that the right to remove would terminate and that “The United States shall have a good and indefeasible title to the said dwellings * * Defendant again advised plaintiff it would be necessary for the latter to remove his improvements prior to the date of September 30, 1964.
On September 9, 1965, a year later, while still residing in his building, plaintiff instituted this action against the defendant contending that the plaintiff was entitled to recover the sum of $5,500.00, representing the cost of improvements placed by him on the land of defendant and for which the defendant in his sale to the government received as consideration therefor the sum of $5,500.00. This sum represents the cost of the building, plus the cost of certain other improvements including a fence, pond, and water well.
The serious dispute between the parties is whether or not defendant converted plaintiff’s improvements to his own use and received compensation therefor. The trial judge concluded that the defendant had *359 done neither and rendered judgment against plaintiff.
Plaintiff argues that the defendant has failed to comply with the clear provisions of LSA-C.C. Art. 508, which is the applicable law. Said article reads as follows:
“When plantations, constructions and works have been made by a third person, and with such person’s own materials, the owner of the soil has a right to keep them or to compel this person to take away or demolish the same.
If the owner requires the demolition of such works, they shall be demolished at the expense of the person who erected them, without any compensation; such person may even be sentenced to pay damages, if the case require it, for the prejudice which the owner of the soil may have sustained.
If the owner keeps the works, he owes to the owner of the materials nothing but the reimbursement of their value and of the price of workmanship, without any regard to the greater or less value which the soil may have acquired thereby.
Nevertheless, if the plantations, edifices or works have been made by a third person evicted, but not sentenced to make restitution of the fruits, because such person possessed bona fide, the owner shall not have a right to demand the demolition of the works, plantations or edifices, but he shall have his choice either to reimburse the value of the materials and the price of workmanship, or to reimburse a sum equal to the enhanced value of the soil.”
Plaintiff suggests that under the second paragraph of Art. 508, it was the duty of dental to removing plaintiff’s improvements and this he could do at plaintiff’s expense. He further suggests that to comply with LSA-Const. Art. 1, § 2, which provides 'that no person shall be deprived of life, liberty and property except by due process of law, defendant would be forced to sue plaintiff for expenses incurred inci-defendant to remove plaintiff’s improve-' ments. Further, “Plaintiff contends that he could not be deprived of his property by a simple request that he remove from defendant’s soil the improvements placed thereon.” Such contentions are without merit. What plaintiff seems to be arguing is the direct opposite of what in our opinion LSA-C.C. Art. 508 expressly provides. For this article insures due process of law in that it decrees alternatives. It does not in our opinion require that a landowner necessarily has to sue another person who has placed improvements on his land to protect himself from, being sued for failure to comply with its requirements.
It is amply clear to us that for sometime prior to May 20, 1964 through in and including the date of September 30, 1964 the defendant advised plaintiff of the necessity of the latter’s removing his improvements. It is also clear to us that the plaintiff was rather definite in his determination not to remove his improvements until he was forced to do so by the government.
A reading of Art. 508 gives to a landowner a twofold option: (1) to request the demolition of any constructions and works placed on his property by a third person and to have the same removed at no expense to the landowner; or, (2) to retain the constructions and works and if he elects to do so he owes to the owner of the materials “nothing but the reimbursement of their value and of the price of workmanship”. This article is clear in its specific terms. See Quaker Realty Co. v. Bradbury et al., 123 La. 20, 48 So. 570; Larido v. Perkins, 132 La. 660, 61 So. 728; Ouachita Parish School Board v. Clark, 197 La. 131, 1 So.2d 54; Levy v. Clemons, La.App., 3 So.2d 440. These cases clearly reflect the uniform interpretation given CC Art. 508. The option above referred to rests clearly with the landowner. Where the landowner, having made no request that the improvements be removed, conveys title of the land or other *360 wise converts the land and improvements to his own use, he is deemed to have elected to retain the improvements and owes the owner thereof the value of the materials and cost of workmanship. It has also been determined that the owner of the improvements may, if practical, remove his property where the owner of the realty fails or refuses to elect whether he shall retain said improvements or order their removal. Edwards v. S. & R. Gas Co., La.App., 73 So.2d 590.
We can find no case and none has been cited where the owner of the improvements has refused to remove his improvements pursuant to the landowner’s request. Which is frankly the situation we have here. It certainly does not appear reasonable to us that a landowner should be put to the added expense of having to sue either to enforce the removal of the improvements or be put to the expense of removing said improvements and then suing for reimbursement of the expenses incurred. Certainly in the instant case, it is questionable whether such a judgment would ever be collectable. In this case defendant, owed to plaintiff timely and reasonable notice and as to whether he intended to retain or order the removal of the improvements. The record clearly reflects that plaintiff was on numerous occasions advised of the necessity of removing his improvements. Counsel for plaintiff urges in briei that “a mere request” is insufficient. It does not appear necessary to us that a formal written request or order should have to be given to or served upon the plaintiff here so long as the record reflects that the plaintiff was informally notified of the necessity to remove his improvements. Plaintiff admits to this knowledge. Under these circumstances the requirements of CC Art. 508 have been met. It was particularly important that the defendant here give to plaintiff reasonable time for the latter to remove his improvements for had he not done so and sold the land or granted the easement without reserving to plaintiff the right to remove his improvements, defendant would be held to have elected to retain them.
Correspondingly, it was the obligation of the plaintiff to expeditiously remove his improvements when requested to do so. His refusal to comply with defendant’s request is in effect denying defendant the option to retain and compensate or order the removal as expressly provided in LSA-C.C. Art. 508. Thus, where the owner of the materials after having received timely and reasonable notice to remove his improvements refuses to do so he cannot at a later date be heard to complain and will be presumed to have abandoned his improvements. For certainly if the improvements are worth salvaging the responsibility to do so rests squarely with the owner thereof. If the said improvements are not worth salvaging neither the owner thereof nor the landowner should be required to do so. However, this option rests clearly with the owner of the improvements and when he fails to act after reasonable notice he will be deemed to have abandoned his materials. To hold otherwise would place the landowner at a serious disadvantage and would ultimately discourage the granting of permission to another to occupy a part of one’s land. We state again plaintiff had from May 20, 1964 to September 30, 1964 in which to remove his improvements and he failed to do so.
Plaintiff further seeks to recover the value of his improvements on the grounds of unjust enrichment. LSA-C.C. Art. 21. He argues that the defendant sold and conveyed his improvements to the United States of America. We feel constrained to comment on this point lest our decision remain entirely based upon the conclusions we reached hereinabove and the impression be given that the defendant did in fact enrich himself at plaintiff’s expense. Plaintiff contends, based on the testimony of Mr. Doty, that a part of the $16,100.00 consideration paid to defendant included the sum of $5,500.00, representing the appraised value of plaintiff’s improvements. *361 The trial judge concluded and we think rightly so that the plaintiff had failed to bear the burden of proof of this allegation. The issue on this point concerned the question of whether defendant granted to the United States of America a perpetual easement over his property for the consideration of approximately $10.00 per acre or whether or not it included the value of plaintiff’s improvements.
 Much authority is granted to the trier of fact in the evaluation of witnesses and in the determination of which witness’s testimony shall be accorded more weight where there is a substantial variance in the testimony. This authority will not be overturned and the judgment of the appellate court substituted in its stead unless there is a clear showing that the trial judge’s decision is manifestly erroneous. The trial judge stated that when Mr. Doty talked to plaintiff he said one thing and when he negotiated with defendant he said another. We, like the trial judge, do not find that the defendant converted plaintiff’s improvements to his own use and benefit. Defendant in its agreement of May 20, 1964 reserved to plaintiff the latter’s right to remove his improvements. On September 2, 1964 when the formal act was executed granting the perpetual easement, defendant therein again reserved unto plaintiff until September 30, 1964 the latter’s right to remove his improvements. At no time did defendant do less in the satisfaction of his responsibility to plaintiff than he was legally required to do, namely: request of plaintiff to remove his improvements.
Plaintiff’s plight is indeed unfortunate, he expended what funds he had and built a structure on the lands of defendant. His occupancy was interrupted not voluntarily by the defendant but by the demands of the government. He ultimately removed his improvements. The record does not disclose the nominal sum paid to the government for this privilege. However, having ample notice of the necessity to remove his improvements, he cannot complain of the defendant if he had to pay a nominal sum for this privilege.
For the above and foregoing reasons the judgment of the district court is affirmed at the cost of appellant.
Affirmed.