CULPEPPER, Judge.
Silurian Oil Company, Inc., filed this suit to annul the tax sale of an oil well, of which it claims to be the owner. Defendants are the' tax sale purchaser, Central Equipment Rentals, Inc., and the sheriff who conducted the sale.
W. L. Estis, d/b/a Estis Well Service, intervened seeking recognition of its lien and privilege for services performed for Silurian in reworking the well. Estis also joins with Silurian in seeking the annulment of the tax sale.
The district judge decreed the tax sale null and void and recognized the lien of Estis. Central Equipment Rentals, Inc. appealed.
The evidence shows that Central Equipment Rentals, Inc. is engaged in the business of renovating and selling used oil field equipment. Mr. W. D. Hance, owner of Central, testified that at this tax sale he intended to purchase only the equipment at the well site. He planned to renovate and sell it. He did not understand that he was purchasing the well itself or the lease or any of the mineral interests. Of course, he was correct in this respect. The only thing which could have been sold at the tax sale was the movable equipment. Neither the well itself, nor the lease, nor any of the mineral, interests could have been sold because this type of property is exempt from ad valorem taxation, LSA-La.Const. Art. 10, Sec. 21.
After the tax sale, Mr. Hance was contacted by C. P. Hilliard, owner of the lease. Under an agreement, the terms of which are not shown, they made a few repairs to the equipment and placed the well back in production. This was the.* situation when the present suit was filed.
On appeal, Central has not assigned as error the lower court’s ruling annulling the tax sale. The trial court judgment in this respect was clearly correct. The tax sale deed describes the property conveyed as “OIL & GAS WELL AND OIL & GAS LAND EQUIPMENT” situated in Ward S-E of the Parish of St. Martin and states that the sale is in conformance with LSA-R.S. 47:2172 (which provides for the tax sale of movable property) and is “without redemption”. However, the advertisement pursuant to which the property was sold states the sale, is “with redemption”, which type of provision applies only to immovable property, La.Const. Art. 10, Sec. 11. Since the terms of the advertisement and those in the sale are at variance, the sale is a nullity, Liquid Carbonic Corporation v. Crow, et al., 177 La. 379, 148 So. 442 (1933). Furthermore, insofar as the tax sale is an attempt to sell the mineral lease on which the well is located, or any of the mineral interests, the sale is a nullity, since such mineral inter *123 ests are exempt from ad valorem taxes, La.Const. Art. 10, Sec. 21.
The primary issue on appeal is whether Central has any right or interest to oppose the intervenor’s lien. Central contends it has such an interest because it incurred expense in repairing equipment and making improvements for which it is due reimbursement in preference to the lien. It apparently relies on the last paragraph of LSA-R.S. 47:2222 and the cases which hold that a good faith purchaser at a tax sale is entitled to the improvements made by him to the property, or their value, where the tax sale is later adjudged to be null; Bartley v. Sallier, 118 La. 93, 42 So. 657; Eddins v. Giles, La.App., 142 So. 266; Meredith v. Tubre, 10 La.App. 369, 120 So. 902.
The cited statute and all of the cases which we have found deal with immova-bles. LSA-R.S. 47:2175, pertaining to the tax sale of movables, has no similar provision for reimbursement for improvements made by the tax purchaser.
We pretermit the legal issue of whether the good faith tax purchaser of movables is entitled to reimbursement for improvements. Since, even assuming this to be the law, the evidence here does not support recovery for such expense.
The only testimony in the record to establish improvements or repairs made by Central is the statement of Mr. Hance that “we repaired the pump, put a gun barrel out there to take care of salt water to get the well back on production.” No attempt was made to prove the cost of these repairs. Hence, the evidence is not sufficient to support Central’s claim for repair» and improvements. The “gun barrel” is movable and can be removed by Central at any time. There is no evidence to show the value of the repairs to the pump, or any other expense incurred in placing the well back in production. Central had the burden to prove the value of any improvements for which it" claims reimbursement in preference to the lien of the intervenor. Having failed to make such proof, it has no interest in opposing the lien.
Having reached this conclusion, it is unnecessary for us to consider Central’s arguments that the lien was filed too late, that suit to recognize the lien was not filed within a year against the owner of the lease, C. P. Hilliard (who is not a party to these proceedings) and other attacks on the lien.
Central argues next that the judgment annulling the tax sale is invalid since it fails to specifically state that it will not take effect until the price and all the taxes, costs and interest are reimbursed to the tax purchaser. We find no merit in this contention. The judgment declares the tax sale null and void “provided Central Equipment Company, Inc., is refunded the price of the tax sale plus interest and costs as provided by Article 10, Section 11 of the Louisiana Constitution.” This language is sufficient. A reference to these constitutional provisions shows that the judgment annulling the tax sale shall not take effect until the price and all the taxes, costs, interest, etc. are paid to Central.
Central also contends the trial court committed error in assessing all the costs against it. The argument here is that since the intervenor’s claim was only against the plaintiff, Silurian, and there was judgment in favor of the intervenor and against the plaintiff, some of the costs should have been assessed against the plaintiff.- However, as stated above, Central did join Silurian in opposing the inter-venor’s lien unsuccessfully. The trial judge has great discretion in assessing costs. We find no manifest error in the assessment of all costs against Central.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against Central Equipment Rentals, Inc.
Affirmed.