SAVOY, Judge.
This case was consolidated for trial with State of Louisiana, through the Department of Highways v. Allen Pommier, 270 So.2d 277, bearing docket number 4037 of this Court, in which we are rendering a separate decree this date.
This suit was filed and the order of expropriation was issued on January 28, 1970. The companion suit was filed on December 3, 1969. The cases were tried together.
In the instant case two parcels of land were involved, designated by the trial court as parcel 3-6 and parcel 3-9, located a short distance from the City of Opelousas, Louisiana. By this proceeding plaintiff has expropriated a strip of land five feet wide, across approximately 137 feet of defendant’s property.
A deposit of $12,102.00 by the Highway Department was made into the Registry of the court, representing the estimated amount of compensation due defendant for the taking of his property and the damages which followed. The amount was designated as $1,977.00 for the land and improvements, and $10,125.00 for the severance damages. Defendant answered the suit claiming an increase for both the land and damages.
In case number 4037, involving Allen Pommier’s property, the parcel of land taken and designated by the trial court as parcel 2-18 was approximately five feet in width in front of the commercial building commonly referred to as the Western Auto Store.
Plaintiff deposited $708.00 in the Registry of the court for the expropriated property, representing the value of land and improvements on the parcel of land. No deposit for damages was made by the Highway Department. Defendant sought an increase in the amount for the land and damages.
After a trial on the merits, judgment was rendered in favor of defendant in the amount of $14,290.25, subject to credits for the amounts which previously had been deposited. This amount was broken down as follows: Parcel 3-6, land — $660.25, damages — $13,250.00; Parcel 3-9, land — $380.-00, damages — none.
In number 4037 the trial judge awarded $683.10 for the land taken, and $3,546.00 severance damages, or a total award of $4,229.10.
Plaintiff appealed only the award of damages in the instant suit. In suit number 4037, the amount awarded for severance damages was appealed by plaintiff. Both appeals were answered by defendant seeking an increase in the amounts awarded for damages.
Suit number 4037 will be discussed first. Shortly before the date assigned for argument in this Court, plaintiff filed a motion to remand the case for a hearing to dismiss the suit. Annexed to the motion of remand were two plats of survey, marked “Exhibit P-3” and “Exhibit P-3A”, locating the existing right-of-way line of State Route Louisiana-U. S. 167. The remand motion further had annexed to it an affidavit signed by Frank B. Chachere, Registered Land Surveyor, attesting to the correctness of the new plat filed, and that the State of Louisiana owns the right-of-way of the parcel designated as Parcel 2-18.
The ex parte affidavit attached to the motion for remand can form no part of the record of this appeal, Granata v. Simpson, 171 So.2d 284 (La.App. 1 Cir. 1965); Hiern v. Madona, 145 So.2d 126 (La.App. 4 Cir. 1962). Nor can the new survey, *276 marked “Exhibit P-3A” form any part of the record. However, from a full consideration of the entire record and arguments of counsel, we are of the opinion that there is a firm probability that the new evidence is likely to affect the outcome of the case. We believe this to be a proper case for the application of La.C.C.P. Article 2164, which gives this Court authority to remand in the interest of justice and to the end that a just and proper judgment may be rendered. Therefore, we remand this case to the trial court to afford both litigants an opportunity to offer further evidence as to whether the Department of Highways already had the right-of-way to the property which it sought to expropriate from Pommier.
In suit number 4038, five expert appraisers, two for the Highway Department and three for defendant, gave their opinions. All of them were in basic agreement concerning the location and amount of property which was expropriated. Different methods were used by the various experts for their valuation of the property, some using the front foot approach and others using the square foot approach. Comparable sales in the immediate area were also used by the experts in arriving at their valuation of the property.
The experts used by the Highway Department were Stanley A. Tiger, Gene N. Cope, and Albert Hebert, as to Parcel 3-6, which involved an expropriation of 695 square feet. Tiger gave $511.00 for the land taken (73.5{! per square foot), $998.00 for improvements, and $5,841.00 for severance damages. Cope valued the land taken at $486.50 (70‡ per square foot), and severance damages at $6,685.00. These experts’ opinions of damages did not include replacing the “lost” square footage, only refacing the building. Hebert, a contractor, testified in connection with cutting the building which would be between one and one-half feet from the expropriated right-of-way. He stated he could cut, remove, replace and restore five feet of the building for $9,594.50.
Experts for defendant were Clyde Dou-cet, Robert J. Nicholson, Newton Thibo-deaux and Raymond Beauxis. Doucet valued the land taken at $938.75 ($1.35 per square foot) and severance damages at $16,250.00. Nicholson agreed with Dou-cet’s valuation. Thibodeaux’s valuation for the land taken was $1,042.50 ($1.50 per square foot) and for severance damages, $14,000.00. These experts’ opinions of damages included replacing the “lost” square footage, approximately 22 feet, representing parking, display and storage space, in another area of defendant’s property. Without replacing the “lost” square footage, defendant’s experts stated that the market value of defendant’s building would diminish as much as 75-80 per cent, according to Nicholson. Beauxis, the construction expert, stated he could cut, remove, replace and restore 22 feet of the building for $15,750.00. In response to a question for his cost to cut, remove, replace and restore five feet of the building, he stated roughly $8,000.00.
The trier of fact has the right to evaluate the weight to be given to the testimony of each expert witness in an expropriation case. State v. Donner Corporation, 236 So.2d 841 (La.App. 3 Cir. 1970), and cases cited therein; Blocker v. Mizell, 202 So.2d 357 (La.App. 1 Cir. 1967). The Highway Department argues the trial court erroneously accepted the testimony of Beauxis over that of Hebert, as Beauxis was not “an expert”. Which set of expert witnesses gave the most creditable and realistic testimony is largely a matter of fact for the trial judge to determine. Where, as here, the testimony was contradictory, the finding of the trial court should not be overturned unless manifest error appears in the record. State, Dept. of Highways v. Menefee, 266 So.2d 226 (La.App. 2 Cir. 1972), and cases cited therein. We find no manifest error in the trial judge’s award of severance damages. He accepted the testimony of defendant’s experts, in preference to plaintiff’s experts, regarding the *277 value of land taken and severance damages.
It was his opinion that defendant’s building would diminish in market value if the square footage lost by the expropriation was not replaced in another area of defendant’s property. For this reason he made an additional award of $8,350.00 to an award of $4,900.00,[1] which he had previously awarded to defendant to reface his building which was cut because of the expropriation. Thus, the trial judge arrived at the figure of $13,250.00 for severance damage to Parcel 3-6.
For the reason assigned, the judgment of the district court is affirmed. Appellant is exempt from the payment of costs except those provided by law.
Affirmed.

. Plaintiff’s brief did not contest the award of $4,900.00 by the trial judge to reface the building, only the additional award of $8,350.00 to replace the “lost” square footage.