(64 South. 150.)

No. 19,628.

JACOBS et al. v. KANSAS CITY, S. & G. RY. CO.

(Dec. 15, 1913. Rehearing Denied Jan. 19, 1914.)

*(Syllabus by the Court.)*

1. JUDGMENT (§ 17*)—WAIVER BY TUTOR—VALIDITY.

A waiver of citation by a tutor ad hoc is contrary to law, null, and void; and the judgment rendered in such case is an absolute nullity. Code Prac. arts. 116, 195, 964; Psyche v. Paragol, 6 La. 377; Baldwin v. Carleton, 11 Rob. 109; Decuir v. Decuir, 105 La. 481, 29 South. 932.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 157, 422; Dec. Dig. § 17.*]

2. MINORS—RIGHT TO WAIVE.

A defendant, or his attorney, only can accept service of petition and waive citation. An appointee of the court as curator or tutor ad hoc cannot. Code Prac. art. 177; Stockton v. Hasluck, 10 Mart. (O. S.) 472; Cormier v. De Valcourt, 33 La. Ann. 1168.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 236–244; Dec. Dig. § 84.*]

3. EMINENT DOMAIN (§ 268*)—LAND OCCUPIED BY RAILROAD—JUDGMENT RECOVERABLE.

In a suit against a railroad company for possession of property which is actually used for railroad purposes, the plaintiff is entitled to recover the value of the land at the time the railroad went into actual possession of same. Pons v. Y. & M. V. R. R. Co., 131 La. 313, 338, 59 South. 721.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 697, 736–740, 742; Dec. Dig. § 268.*]

4. JUDICIAL SALES (§ 56*)—RIGHTS OF PURCHASER—LIABILITIES.

A purchaser under a judicial sale is in bad faith and is liable for rents and damages if the judgment under which he purchases is absolutely void for want of citation. Walworth v. Stephenson, 24 La. Ann. 251.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. § 111; Dec. Dig. § 56.*]

*(Additional Syllabus by Editorial Staff.)*

5. JUDGMENT (§ 490*)—COLLATERAL ATTACK.

A judgment void for want of citation may be attacked collaterally, without prior resort to an appeal or action of nullity.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 926–928; Dec. Dig. § 490.*]

Appeal from First Judicial District Court, Parish of Caddo; E. W. Sutherlin, Judge.

Action by R. E. Jacobs and others against the Kansas City, Shreveport & Gulf Railway Company. From judgment for defendant, both parties appeal. Reversed and rendered.

Hall & Jack, of Shreveport, for appellants. Herndon & Herndon and Alexander & Wilkinson, all of Shreveport, for appellee. John B. Files, of Shreveport, amicus curiæ.

SOMMERVILLE, J. November 22, 1904, Mrs. Pearl L. Dillon et al. instituted suit in the district court of the parish of Caddo against Ransom E. Jacobs, Jr., and Cora Lee Jacobs, minor heirs of Ransom E. Jacobs, residents of the state of Tennessee, for a partition, by licitation, of certain tracts of land situated in said parish.

The court ordered that J. A. Thigpen be appointed tutor ad hoc for the minor Ransom E. Jacobs, Jr., and Jas. M. Foster, Jr., tutor ad hoc for the minor Cora Lee Jacobs.

On the same day each of them accepted the appointment of tutor ad hoc and took an oath to discharge his duties as such to the best of his knowledge. Civ. Code, art. 313.

After qualifying, the tutors ad hoc signed the following indorsement, to wit:

"I acknowledge service of this petition and waive citation."

Each tutor ad hoc filed an answer to the petition.

There was judgment ordering a partition and sale of the property described in the petition. Defendant, by mesne conveyances, has become the possessor of the property upon which it has built railroad tracks.

Ransom E. Jacobs, Jr., and Cora Lee Jacobs, having recently attained their majority, now claim the ownership of an undivided one-sixth interest in the property, and ask that they be recognized as the owners thereof, and that defendant be condemned to deliver said property to them, with rents and revenues, or that they have a money judgment for the value thereof.

Defendant answered that it had a good and valid title to the property, that, if there were any irregularities in the sale, they were cured by the prescription of five years; and it further pleaded the prescription of ten years. It also called its vendor, W. F. Dillon, as warrantor, to defend the suit, and asked that, in the event it is condemned, it have judgment against said Dillon in whatever sum may be awarded plaintiffs.

W. F. Dillon, warrantor, excepted on the ground that the judgment in the partition suit under which the sale of the property was made could not be attacked collaterally. This exception was overruled, and warrantor answered, setting up a valid title, and pleading the prescription of one, five, and ten years. Ten years have not elapsed since plaintiffs attained their majority.

There was judgment in favor of defendant, and plaintiffs have appealed. The railroad company has also appealed.

In their petition, the plaintiffs refer to the judgment in the partition suit and declare it an absolute nullity and the sale thereunder as being invalid, for the reason that said judgment was rendered against them without citation and contrary to law.

The record in the case of Pearl A. Dillon et al. v. Minors Ransom E. Jacobs, Jr., and Cora Lee Jacobs, residents of the state of Tennessee, shows that J. A. Thigpen was appointed tutor ad hoc to the minor Ransom E. Jacobs, Jr., and that J. M. Foster, Jr., was appointed tutor ad hoc to the minor, Cora Lee Jacobs, and that they represented said minors in that proceeding. It further shows that they took the necessary oaths; and on the same day that they acknowledged service and waived citation in the following words:

"I acknowledge service of this petition and waive citation. J. A. Thigpen, tutor ad hoc for Ransom E. Jacobs, Jr. J. M. Foster, Jr., tutor ad hoc for Cora Lee Jacobs. Nov. 22/'94."

The above language does not clearly indicate whether the petition was served or not, for that portion which waives citation might indicate that the service of the petition was also waived. The question is, therefore, whether the tutors ad hoc had the authority to waive citation or not.

[1; 2] It is argued by plaintiffs that the tutors ad hoc appointed to represent them were without authority to waive citation, and, there being no citation issued to and served on them in the partition suit, that there was no

suit as to them, and that the judgment therein is an absolute nullity. Defendant and his warrantor argue that the tutors ad hoc had the authority to waive citation, and, if not, that their action in waiving citation was a mere irregularity, and that the sale under said judgment is cured of all irregularities by the lapse of five years.

Article 116 of the Code of Practice provides:

"If the minor, against whom one intends to institute a suit, has no tutor, the plaintiff must demand that a curator ad hoc be named to defend the suit. The same course must be pursued if the person intended to be sued be absent and not represented in the state."

And under the subsequent article (964) the court may "appoint a tutor * * * ad hoc * * * to defend the minor * * * in the action." Therefore the proper appellation for such appointee is tutor ad hoc. There is no real difference in the duties of a tutor ad hoc and a curator ad hoc. The responsibilities and about the same rules apply to both. Bienvenu v. F. & C. Ins. Co., 33 La. Ann. 209.

And article 195, C. P. provides that:

"If the minors, the interdicted or absent persons against whom the suit is brought, had no tutor or curator, and the plaintiff has had a special tutor or curator appointed to defend them in the suit, the service must be made on that curator in person, or at his domicile."

The Code, on the subject under consideration, requires that service of the proceedings must be made on the tutor ad hoc or the curator ad hoc in person, or at his domicile. This notice or service is the citation; and the want of it is fatal. The statute must be construed strictly, as every law should be that derogates so much from the general principles of our jurisprudence and decides upon the rights of those who are incapacitated or absent. It is a privilege to allow a plaintiff to pursue such person in this way, and he cannot complain if he is required to follow exactly the formalities which the act pre-

scribes; and, above all, he cannot be permitted to neglect that proceeding which the law has ordered as to serving the citation, which is to be the basis upon which all the subsequent proceedings in the cause rest.

In the case referred to in the pleadings, the attorneys, who were the tutors ad hoc appointed by the court, pleaded and went to trial on the merits of the cause. But the want of notice or citation is not cured by this action on their part. The defendant, who is sui juris, and domiciled in t___s state, or his attorney, may alone waive the service of plaintiffs' petition. C. P. art. 177. A tutor ad hoc, an appointee of the court, is without statutory authority to waive service of the petition or citation. Stockton v. Hasluck, 10 Mart. (O. S.) 472; Cormier v. De Valcourt, 33 La. Ann. 1168.

In the case of Hill v. Barlow, 6 Rob. 142, we hold that a curator ad hoc had no authority to waive service of citation.

[5] The minors, defendants in the partition suit, were not represented in that suit, and the judgment is one without parties, and therefore absolutely void. They need not, to protect themselves, resort to an appeal or action of nullity. Psyche v. Paradol, 6 La. 367; Baldwin v. Carleton, 11 Rob. 109.

The judgment against the minors being a nullity, the exception by the defendant that it could not be attacked collaterally was properly overruled. Decuir v. Decuir, 105 La. 481, 29 South. 932.

Defendants cite a line of authorities wherein the court has held that where it does not clearly appear that the curator ad hoc had waived service of the petition, and where it rather appears by some acknowledgment that there had been an actual service, the proceeding will not be treated as null; but these cases have no application to a suit where it is definitely shown that the curator or tutor ad hoc had waived service of citation.

In such case the curator or tutor ad hoc acted in violation of statutory law. Such action on his part was not binding upon the one whom he was appointed by the court to represent.

Plaintiffs ask that they be declared owners of an undivided one-sixth interest in the land in question, and that they be put into possession thereof, or that there be judgment in their favor for the value of said land, with rents; but, on the brief filed in their behalf, they waive the claim to the land itself, and ask for a money judgment in their favor.

[4] A purchaser under a judicial sale is in bad faith and is liable for rents and damages, if the judgment under which he purchases is absolutely void for want of citation. Walworth v. Stevenson, 24 La. Ann. 251. But the defendant, having gone into possession under a title translative of property and valid on its face, is not in bad faith.

[3] A plaintiff under ordinary circumstances would be entitled to be put into possession of property belonging to him, but illegally held by a defendant, and be given a judgment for rents and revenues during the time that the defendant had held the property without a valid title; but in the instant case the land is covered by railroad tracks and is now being used by defendant company for railroad purposes. Under the settled jurisprudence of this state, plaintiffs cannot take the property, with rents and revenues; but they are entitled to a money judgment, with interest, under the agreement found in the record:

"Should there be judgment for plaintiffs for rents and revenues on the property herein sued for, such rents shall be placed at 5 per cent. per annum on the amount of the judgment, from such date as the court may fix."

It was admitted on the trial that the whole plot of ground in question, in March, 1897, at the time that defendant took the land for railroad purposes, and for which purpose it is still being used, was worth $2,100; and that its present value is $13,800.

In the case of Pons v. Y. & M. V. R. R. Co., 131 La. 313, 338, 59 South. 721, we hold that the defendant having gone into possession in good faith, and remained in possession without objection until the suit was brought, plaintiff could not recover over and above the value of the land which was then being used for railroad purposes, at the time defendant went into possession of said land. And this is the general rule, as laid down in Elliott on Railroads, §§ 985 and 989. Reference is made by Mr. Elliott to numerous decisions of the Supreme Courts of the several states of the Union. There is some contrariety of opinion on this subject; but the consensus of opinions appears to be that "the time of the actual entry upon the land for the purpose of building the road has been held to be the time to which an assessment of the land owner's damages must relate."

In two of the cases referred to by Mr. Elliott, the railroads went into possession of the land after taking the proceedings provided for by statutes, whereas the defendant here entered upon the land of plaintiffs without any expropriation proceedings. It held a conventional title, which, on its face, appeared to be valid, but which was invalid because of the want of citation in the suit hereinbefore referred to, in which a partition was decreed, and under which judgment the sale of the property had originally been made. Defendant, in entering upon the land, was therefore guilty of a technical trespass. It should have strictly pursued the appropriate proceeding to condemn or expropriate.

Defendant would clearly have had the right to have expropriated the property in question, but it has not done so, and it did not pay in advance to the owners (plaintiffs), as is required, the value of said property. It has had the property and the value of the

property since it went into possession, in March, 1897.

Defendant, not having paid the price before it took possession, owes interest on that price.

This suit is entirely out of the ordinary. Plaintiffs waive their demand for the property with the rents and revenues, and they have agreed with defendant that should there be judgment for rents and revenues, that such rents and revenues shall be fixed at 5 per cent. per annum on the amount of the judgment. It is therefore not now a suit for the possession of property; but it is a suit for the value of the property, with rents and revenues, or interest. since the time of the illegal possession of the property by defendant.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that there be judgment in favor of plaintiffs, and against defendant, the Kansas City, Southern & Gulf Railway Company, in the sum of $350, with 5 per cent. interest from March 1, 1897, with costs. It is further ordered, adjudged, and decreed that there be judgment in favor of the Kansas City, Southern & Gulf Railway Company and against W. F. Dillon, its warrantor, in a like amount, with costs, but without interest.

LAND, J., takes no part, because he, as district judge, rendered the judgment sought to be annulled.