failed to pay the price of property appropriated by it for railroad purposes, owed interest on the price from the time it took possession.

The majority opinion attempts to distinguish the Jacobs case from this one on the ground that here an agency of the State is involved. I fail to see any basis for this differentiation; the State, in exercising the power of eminent domain, is constitutionally bound just like corporations vested with such power, to fully compensate the owner for his private property taken or damaged for public purposes. Just compensation requires payment of interest from the date of the taking.

Clarence A. Frost, Reserve, A. J. Kling, Jr., Gonzales, for defendant-appellant.

Dreyfous & Kalinski, Edward A. Kalinski, New Orleans, for appellees.

HAMITER, Justice.

For the reasons assigned in the cause entitled Weiss v. Board of Commissioners for Pontchartrain Levee District, 238 La. 419, 115 So.2d 804, the judgment appealed from is affirmed.

McCALEB, J., dissents in part for the written reasons given in No. 44,618.

115 So.2d 808

Mrs. Carol D. EISEMAN et al.

v.

BOARD OF COMMISSIONERS FOR PONT-
CHARTRAIN LEVEE DISTRICT.

No. 44619.

Nov. 9, 1959.

Rehearing Denied Dec. 14, 1959.

115 So.2d 809

Stanley J. SMITH and Hiram J. Wright

v.

Mary C. FLOURNOY, Registrar of Voters
for Winn Parish.

No. 44836.

Nov. 9, 1959.

Rehearing Denied Dec. 14, 1959.