DOMENGEAUX, Judge.
Plaintiff, the State of Louisiana, through its Department of Highways, expropriated a strip of defendant’s land which ran along the front of a shopping center for a distance of some 490 feet to a depth of approximately 5 feet, under the provisions of the quick-taking statute, LSA R.S. 48:441-48:460. The purpose of the expropriation was to widen Louisiana U.S. Highway 167 through the City of Opelou-sas, Louisiana.
Defendants were awarded damages for the taking in excess of the deposit previously made by plaintiff, and plaintiff appealed the judgment to this court. Subsequently plaintiff filed a motion to remand the case to the trial court on the basis that it had recently discovered that the land expropriated was actually the property of plaintiff. Defendants answered with a motion of their own to dismiss the plaintiff’s motion to remand.
This court previously considered an identical situation in the case of State, Department of Highways v. Pommier, (La.App. 3rd Cir.) 270 So.2d 274. There, as here, a motion to remand, accompanied by an ex parte affidavit and a copy of the survey, was filed in this court by the Highway Department alleging that it had since the trial of the case discovered that *894 it in fact owned the land expropriated. Citing Granata v. Simpson, (La.App. 1st Cir. 1965) 171 So.2d 284; and Hiern v. Madona, (La.App. 4th Cir. 1962) 145 So.2d 126, we held that the ex parte affidavit and survey could form no part of the record on appeal and we then wrote thusly:
. However, from a full consideration of the entire record and arguments of counsel, we are of the opinion that there is a firm probability that the new evidence is likely to affect the outcome of the case. We believe this to be a proper case for the application of La.C. C.P. Article 2164, which gives this Court authority to remand in the interest of justice and to the end that a just and proper judgment may be rendered.
We consider the above to be equally applicable to the case at bar and accordingly we think it proper to remand this case to the trial court in order that the litigants may be afforded an opportunity to offer further evidence regarding the question of whether the Department of Highways already owned the right-of-way to the property which it sought to expropriate from defendant.
. . . The rule developed in the jurisprudence under Code of Practice Art. 906, the principles of which have been incorporated in LSA-C.C.P. Art. 2164, is that a large discretion is vested in an appellate court to remand a cause where the record is not in condition to enable the court to pronounce definitely on the issues presented or where the parties have failed, for whatever reason, to produce available testimony which might be material to a proper decision. The present tendency is to exercise this discretion where the ends of justice would be best served, regardless of the cause for the omission of the evidence from the record. Arkansas Louisiana Gas Co. v. Morehouse Realty Co., 126 So.2d 831, La.App.2d Cir. 1961. [Emphasis ours] Turpin v. Turpin, La.App. 2nd Cir., 1965, 175 So.2d 357.
The sole case cited by defendants in opposition to the motion to remand, Weiss v. Board of Commissioners for Pontchatrain Levee District, 238 La. 419, 115 So.2d 804, is inapposite to the case at bar. There the Supreme Court refused to remand an expropriation case for the purpose of introducing evidence of ownership, but it did so because the record contained a stipulation whereby counsel for the expropriating authority had expressly admitted the landowner’s ownership. Additionally the record contained evidence negating the proposition that the landowners did not in fact own the expropriated property. Neither of those situations is present in the case at bar.
Our investigation of the jurisprudence on the subject revealed the recent Louisiana Supreme Court case, dealing with LSA C.C.P. Article 2164, of Morgavi v. Mumme, 264 La. 24, 270 So.2d 540. There the parties had entered into a contract to purchase real estate and a deposit of 10% of the purchase price was given by the prospective purchaser to the vendor. A subsequent title examination convinced the purchaser that title to the property was un-merchantable, and he sued for a return of his deposit plus attorney fees and expenses. The defendant vendor answered the suit and filed a reconventional demand seeking to have the court declare the deposit forfeited and for damages. The trial court dismissed plaintiff’s suit on a finding that his evidence failed to establish that the title was unmerchantable. Noting that the defendant had failed to offer evidence on the reconventional demand, the trial court likewise dismissed it. Plaintiff appealed, but defendant neither appealed nor answered the appeal.
The reconventional demand of defendant contained an allegation that the owner, defendant, “declared the deposit forfeited in accordance with the terms of the said con *895 tract”. That allegation was as close as the pleadings or the evidence came to dealing with the question of whether or not there was a tender of title, a formality required by the contract for the forfeiture of the deposit. The Court of Appeal reversed the lower court judgment because defendant had offered no evidence to establish a formal tender of title, and in rendering judgment for plaintiff also dismissed defendant’s reconventional demand. The Supreme Court reversed the Court of Appeal holding that C.C.P. Art. 2164 was not justification for ruling on a matter not before the court, i. e. the reconventional demand. The reconventional demand was held not to be before the court because defendant had neither appealed nor answered the appeal.
What we do in the case at bar in no wise conflicts with the Morgavi v. Mumme case, as we are not rendering judgment on any matter not properly before us. We are merely remanding the case to the District Court for the admission of additional evidence in order that a just conclusion to this controversy may be achieved.
For the above and foregoing reasons this case is remanded to the District Court for further proceedings consistent with the views herein expressed.
Remanded.
FRUGÉ, J., dissent with written reasons.