BOUTALL, Judge.
This case arises from the imposition of sales tax on the sale of tickets to the performance of Disney On Parade. New Orleans Summer Pops, Inc. is a domestic nonprofit corporation engaged in the presentation of musical performances. One such musical performance is Disney On Parade. The state contends that sales taxes are due from the sale of tickets for this performance under the general sales tax law, R.S. 47:302. The Summer Pops contends it is exempt from this tax by virtue of an exception to this law, viz R.S. 47 ¡SOS.?.[1] The Summer Pops paid the tax in question “under protest” and instituted this suit for recovery of the monies under the provisions of R.S. 47 ¡1576. The trial judge rendered judgment for the Summer Pops and the Collector of Revenue has appealed;
The state admits that the first part of R.S. 47 ¡305.7 does apply to the Summer Pops in that they are a domestic nonprofit symphony organization engaged in the presentation of musical performances. The state avers, however, that the production of Disney On Parade comes within the exception thereafter stated, viz: “. provided that this Section shall not apply to performances given by out-of-state or nonresident symphony companies . . . (Emphasis added).
The evidence is clear that Disney On Parade is a nonresident performer, but not a nonresident symphony company. The trial court so found, and we agree. All the music played for this production was provided by the Summer Pops Orchestra in accompanying the Disney artists, who danced and sang. Summer Pops also hired the hall, handled the advertising, ticket sales, etc. and did everything in connection with presenting the show.
The state admits that when a single artist performs to the accompaniment of the Summer Pops Orchestra no sales tax is due. R.S. 47 ¡305.7 admits of no difference regarding the number of artists involved in a musical performance, as long as the artist is not a nonresident symphony, which Disney is not.
The trial judge in rendering judgment for the Summer Pops granted them recovery of the taxes paid together with legal interest from the date of judicial demand. The Summer Pops filed suit under the provisions of R.S. 47 ¡1576 and this statute provides that the interest rate shall be 2% per annum from the time the collector receives the funds until the time they are refunded. The trial judge erred in granting legal interest on this judgment and we amend the judgment to lower the interest rate to 2% per annum in conformity with R.S. 47:1576.
*192 For the foregoing reasons, the judgment of the lower court is amended so as to allow interest only at the rate of 2% per an-num. As thus amended, and in all other respects, the judgment is affirmed. Appellant is to pay the costs of this appeal.
Amended and affirmed.

. “§ 305.7 Exclusions and exemptions; tickets to musical performances of nonprofit musical organizations
“The sales tax imposed by R.S. 47 ¡302 shall not apply to the sale of admission tickets by domestic nonprofit corporations or by any other domestic nonprofit organization known as a sypmphony organization or as a society or organization engaged in the presentation of musical performances; provided that this Section shall not apply to performances given by out-of-state or nonresident symphony companies, nor shall this Section apply to any performance intended to yield a profit to the promoters thereof.
Added by Acts 1963, No. 124, § 1. Amended by Acts 1964, No. 198, § 1.