CRAIN, Judge.
In June, 1986, heirs and/or legatees of the estate of decedent, Fairfax Foster Bailey (Estate) filed an Inheritance and Estate Transfer Tax Return estimating state inheritance taxes and interest in the sum of $5,142,654 and remitted that amount with the return. The State Department of Revenue and Taxation of the State of Louisiana (Department) “assessed” the Estate an additional sum of $278 in August, 1986 which was duly paid by the Estate. In March, 1989, a subsequent “assessment” of $1,207,921.68 was made against the Estate by the Department which the Estate and legatees refused to pay. The Department filed a petition in the nineteenth judicial district court for collection of the taxes. Made defendants were James J. Bailey, III, Virginia Bailey Noland, Prescott Foster Bailey and the Estate.
Defendants and James J. Bailey, III as executor of the Estate answered and reconvened asserting that a refund claim had been filed on their behalf with the Internal Revenue Service reducing the fair market value of certain stock owned by the Estate. In doing so the Estate incurred attorney fees and administrative expenses. The enumerated factors thus reduced the Louisiana inheritance and estate transfer tax liabilities owed by the Estate and legatees. The Estate sought a refund plus interest owed thereon. It is uncontradicted that the Department and the Estate reached a settlement whereby the Department refunded $106,115, paying no interest.
The Estate and legatees filed a motion for summary judgment seeking interest on the refund. After a hearing on the matter, summary judgment was rendered in favor of the Baileys. From this judgment the Department appeals. The sole issue before us is whether interest is owed on a refund by the state for overpayment of inheritance and estate transfer tax.
The revenue and taxation provisions of the Louisiana Revised Statutes are contained in Title 47. Chapter 1 of Subtitle IV of Title 47 (La.R.S. 47:2401-2451) is entitled “Inheritance and Estate Taxes.” It provides the procedures for the judicial fixing of taxes, the rates of taxation, and exemptions from taxation. The inheritance and estate tax provisions differ in several ways from those prescribed in the general administrative provisions of Chapter 18 of Subtitle II of Title 47 (La.R.S. 47:1501-1691) which are generally applicable to all taxes under Title 47. The general administrative provisions enumerate among other things the powers and duties of the Collector, assessment and collection procedures, and the payment of interest and penalties on delinquent taxes. La.R.S. 47:1621 provides for the refund of overpay- *349 ments. La.R.S. 47:1624(A) provides for the payment of interest on tax refunds or credits. Section 1624(A) reads as follows:
A.Notwithstanding any other provision of law to the contrary, on all refunds or credits the secretary shall compute and allow as part of the refund or credit, interest at the rate established pursuant to Civil Code Article 2924(B)(3) per year from the date the return was due or the date the tax was paid, whichever is later. No interest on refunds or credits shall be allowed if, in the discretion of the secretary, it is determined that a person has deliberately overpaid a tax in order to derive the benefit of the interest allowed by this Section. Payments of interest authorized by this Section shall be made from funds derived from current collections of the tax to be refunded or credited.
Pursuant to Chapter 1 of Subtitle IV the taxpayer is subject to the payment of interest on delinquent taxes and is authorized to seek a refund of inheritance and estate taxes which have been erroneously paid or overpaid. La.R.S. 47:2420, 2451. However, Chapter 1 of Subtitle IV is silent regarding the payment of interest by the state on refunds due the taxpayer on inheritance and estate taxes.
Former section 2436 provided that a claim or suit for refund was to be made against the Collector if the Collector still held the tax; and against the state treasurer if the Collector had already paid the tax to the Treasurer. It further provided that “the amount recovered from the state treasurer shall not exceed the amount of taxes paid to the state treasurer by the tax collector. The state treasurer shall pay any amount recovered out of the general fund.” Thus, section 2436 specifically provided that no interest was owed on refunds of inheritance and estate taxes.
Former section 2436 was subsequently amended and redesignated as La.R.S. 47:2451 by LaActs 1989, No. 3. It was amended to its present form by LaActs 1989, No. 266, Sec. 1. La.R.S. 47:2451 as amended provides that henceforth, claims for refunds for overpayment of inheritance and/or estate taxes shall be made with the secretary of the Department of Revenue and Taxation (Secretary), no longer with the State Treasurer. Sec. 2451(A). It added a provision to allow the filing of a claim for refund after the filing of an amended federal estate tax return if the amended federal estate tax return reduced the credit allowed for death taxes paid to the state. La.R.S. 47:2451(A)(4). The statute as amended omitted the language prohibiting the payment of interest on refunds. Subsections B and C of section 2451 read as follows:
B. In the event the claim is denied, then suit may be instituted by the taxpayer within ninety days after the denial of the claim for the recovery of the erroneous payment or overpayment against the secretary of the Department of Revenue and Taxation.
C. The state treasurer shall pay any amount recovered out of the general fund.
This amendment was made retroactive by section 2 of LaActs 1989, No. 266.
In Louisiana Civil Service League v. Forbes, 258 La. 390, 246 So.2d 800, 809 (1971), overruled on other grounds, Barnett v. Develle, 289 So.2d 129 (La.1974), the supreme court held:
It is a well established rule of statutory construction that the Legislature is presumed to have enacted a statute in the light of preceding statutes involving the same subject matter and decisions construing such statutes, and, where the new statute is worded differently from the preceding statute, the Legislature is presumed to have intended to change the law. Doyal v. Roosevelt Hotel, La.App., 234 So.2d 510, 513. See, State v. Hillebrandt, La.App., 146 So.2d 718; Hibernia Nat. Bank v. Louisiana Tax Commission, 195 La. 43, 196 So. 15. The intention of members of an earlier Legislature cannot override the will of a subsequent Legislature. Jackson v. Unity Industrial Life Ins. Co., La.App., 142 So. 207.
Thus the wording of subsection B of La.R.S. 47:2451 removing language prohibiting the payment of interest on refunds of inheritance and estate taxes evidences a legislative intent to change the law in this regard. It dispens *350 es with the unequal treatment regarding the payment of interest between the taxpayer and the taxing authority. See New Orleans Summer Pops, Inc. v. Tregle, 312 So.2d 190 (La.App. 4th Cir.1975) (concurring opinion, Lemon at 192).
The general administrative provisions of Chapter 18 have been held to be applicable to inheritance and estate taxes unless they conflict with a provision found in the inheritance tax law. La.R.S. 47:1673 and 1501; see State Department of Revenue and Taxation v. Succession of Pope, 579 So.2d 1152 (La.App. 2d Cir.), writ denied, 585 So.2d 566 (La.1991). The removal of the prohibition against payment of interest on refunds removes the conflict with section 1624 of the general administrative provisions of Chapter 18 which now become applicable to refunds of estate and inheritance taxes.
Article 7, section 3(A) of the Louisiana Constitution requires the legislature to “provide a complete and adequate remedy for the prompt recovery of all illegal tax paid by a taxpayer.” “Generally the state and its agencies cannot be compelled to pay interest unless it is specifically provided for by agreement or statute.” Weiss v. Board of Commissioners for Pontchartrain Levee District, 238 La. 419, 115 So.2d 804, 807 (1959). The jurisprudence has interpreted a statute authorizing a state agency to sue and be sued as a waiver by the state through its agency of immunity from liability for interest and court costs. See Southern Construction Co. v. Housing Authority of City of Opelousas, 250 La. 569, 197 So.2d 628 (1967). Thus, by analogy, when the legislature has amended a statute providing for refunds of overpayment of inheritance and estate taxes and specifically deleted language prohibiting the payment of interest on refunds, this constitutes a waiver by the state of the former prohibition to the payment of interest on refunds of inheritance and estate taxes.
Pursuant to 47:2451(C): “The state treasurer shall pay any amount recovered out of the general fund.” Thus, the interest as well as the refund should be paid by the Treasurer from the general fund.
Accordingly we affirm the summary judgment in favor of the Estate and legatees. Costs in the sum of $246.47 are assessed against the State.
AFFIRMED.