## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 05-200


**ALVIN LEE MCNEELY, JR.**

**VERSUS**

**THE UNOPENED SUCCESSION OF JOHN COLE**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 184,280
HONORABLE WILLIAM ROSS FOOTE, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**JOHN D. SAUNDERS**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

**AFFIRMED.**

**Stephen E. Everett**
**Attorney at Law**
**823 Johnston Street**
**Alexandria, LA 71301-0000**
**(318) 443-6312**
**Counsel for Third Party Plaintiffs/Appellants:**
**Judy Cole McKay**
**Dorothy Cole Bucco**

**Dan E. Melichar**
**Attorney at Law**
**P. O. Box 1306**
**Alexandria, LA 71301-0000**
**(318) 448-8565**
**Counsel for Third Party Defendant/Appellee:**
**Gerald Bernard**

**Ricky L. Sooter**
**Attorney at Law**
**3600 Jackson St., Suite 106A**
**Alexandria,, LA 71303-0000**
**(318) 767-0366**
**Counsel for Third Party Defendant/Appellee:**
**Sheriff William Earl Hilton**

**Todd Lee Farrar**
**Attorney at Law**
**P. O. Box 4028**
**Pineville, LA 71361-4028**
**(318) 448-4040**
**Counsel for Third Party Defendant:**
**Alvin Lee McNeely, Jr.**

**SAUNDERS, J.**

This matter comes before us on appeal of the trial court's granting of a Motion for Summary Judgment. Appellants seek annulment of a judicial sale because the judgment giving rise to the sale was subsequently declared null. The trial court granted summary judgment dismissing the Sheriff and buyer with prejudice. We affirm.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff, Alvin Lee McNeely, filed suit on a note executed by John Cole against his unopened succession. An attorney appointed to represent the succession was served and judgment in the amount of $1,475.10 plus 10% interest and 10% attorney's fees was rendered. Subsequently, the trial court issued a Writ of Fieri Facias directing the sheriff of Rapides Parish to seize and sell immovable property owned by the succession. The property was seized on September 21, 1998 and listed for sale on November 4, 1998. No bids were received so the property was re-advertised and sold on March 24, 1999 to Gerald J. Bernard for $6,500.00. The Sheriff's deed was recorded on April 20, 1999 in Conveyance Book 1556, Page 554, Entry No. 1100750.

Subsequent to the sale to Bernard, Judy Cole McKay and Dorothy Cole Bucco filed a Petition to Nullify Judgment for fraud and/or ill practices. After trial on the merits, the previous judgment rendered on behalf of Alvin McNeely was declared null on May 31, 2000. Thereafter, McKay and Bucco filed a petition seeking damages from McNeely and annulment of the sheriff's sale. Bernard answered and McNeely filed an Exception of Non-Joinder of an Indispensable Party. Judgment was then rendered ordering the joinder of the Sheriff of Rapides Parish. Once joined, the

Sheriff filed a Motion for Summary Judgment arguing that the public records doctrine prohibited annulment of the sale. That motion was granted and both Bernard and the Sheriff were dismissed from the suit with prejudice. Appellants timely perfected this appeal of that ruling.

**ASSIGNMENT OF ERROR**

The trial judge committed error in granting summary judgment in this proceeding.

**STANDARD OF REVIEW**

When reviewing judgments rendered upon motions for summary judgment, appellate courts conduct a *de novo* review. *Alfred Palma, Inc., v. Crane Servs. Inc.,* 03-0614, p. 3 (La.App. 3 Cir. 11/5/03), 858 So.2d 772, 774.

**DISCUSSION**

Appellants cite *Progressive Bank & Trust Co. v. Guidry, Contractors, Inc.*, 504 So.2d 997, (La.App. 1 Cir. 1987) in support of their argument that the judicial sale should be nullified. This reliance is misplaced. The court in *Progressive* did note that judicial sales are subject to claims of nullity; however, that case is distinguishable from the case *sub judice.* First, the items seized and sold in *Progressive* were movable. As such, the public records doctrine was not implicated as it is in the present matter. Second, the court in *Progressive* nullified the sale due to error regarding the object of the contract of sale between the sheriff and the buyer. No evidence of error between the buyer, Bernard, and the sheriff is present in this case. Accordingly, *Progressive* must also be distinguished because it involves a vice of consent that is not at issue here.

Appellants also cite *Jacobs v. Kansas City S. & G. Ry. Co.*, 64 So. 150 (La. 1913) as support for annulment of the judicial sale. This argument lacks merit. Louisiana's public records doctrine, applied as it exists today, requires a different outcome than the one suggested in dicta by the court in *Jacobs.* Our supreme court, in *Camel v. Waller*, 526 So.2d 1086 (La. 1988), noted that the public records doctrine is established by La.Civ.Code art. 1839, as well as La.R.S. 9:2721 and 2756.

Louisiana Civil Code Article 1839 provides that:

> A transfer of immovable property must be made by authentic act or by act under private signature. Nevertheless, an oral transfer is valid between the parties when the property has been actually delivered and the transferor recognizes the transfer when interrogated on oath.

> An instrument involving immovable property shall have effect against third persons only from the time it is filed for registry in the parish where the property is located.

Louisiana Revised Statutes 9:2721 provides, in pertinent part, that:

> No sale, contract, counter letter, lien, mortgage, judgment, surface lease, oil, gas or mineral lease, or other instrument of writing relating to or affecting immovable property shall be binding on or affect third persons or third parties unless and until filed for registry in the office of the parish recorder of the parish where the land or immovable is situated. Neither secret claims or equities nor other matters outside the public records shall be binding on or affect such third parties.

Finally, La.R.S. 9:2756 provides that:

> All sales, contracts and judgments affecting immovable property, which shall not be so recorded, shall be utterly null and void, except between the parties thereto. The recording may be made at any time, but shall only affect third persons from the time of the recording.

> The recording shall have effect from the time when the

act is deposited in the proper office, and indorsed by the proper officer.

These statutes, acting together, compose the public records doctrine. *Camel*, 526 So.2d at 1089.

The original judgment rendered in favor of McNeely was properly recorded in 1998. At that time, it became effective upon third parties. The was nothing on the face of that instrument suggestive of a defect. In fact, Appellants acknowledge that there was no defect in the form of the original judgment by framing their action for nullity under La.Code Civ.P. art. 2004 entitled "Annulment for vices of substance; peremption of action" not under La.Code Civ.P. art. 2002 entitled "Annulment for vices of form; time for action[.]" While the judgment at issue in this matter was annulled due to a defect in substance, Appellants, as previously noted, rely upon *Jacobs* as grounds for annulment of the judicial sale. We find, however, that even if *Jacobs* had involved a defect of substance, it would not carry the day for Appellants in this matter because it would have been effectively overruled by the enactment of La.R.S. 9:2721. *Jacobs* was decided in 1913, almost forty years before the enactment of La.R.S. 9:2721. Accordingly, at the time *Jacobs* was rendered, third parties did not enjoy the protection currently afforded by La.R.S. 9:2721 and it is this protection that determines the outcome here.

Louisiana Revised Statutes 9:2721 unequivocally provides that the original judgment became effective upon Bernard, a third party, when it was recorded and that "neither secret claims or equities nor other matters outside the public records shall be binding on or affect such third parties." La.R.S. 9:2721. We find that the defect in the substance of that judgment is a "secret claim[,]" "equity[,]" and matter "outside

-4-

the public records[.]" Accordingly, pursuant to La.R.S. § 9:2721, Bernard is not bound to return the property due to the defect in the substance of the original judgment. Appellants' argument lacks merit.

**CONCLUSION**

The trial court's ruling is affirmed. Costs of this appeal are assessed against Appellants.

**AFFIRMED.**